## PEACOCK v. HANEY ET AL.

1. The 71st section of the practice act, (*Nix. Dig.* 729,) which makes it the duty of the court to assess damages on interlocutory judgment by default unless a writ of inquiry is requested, applies only to actions of *assumpsit.*

2. Independently of the statute, in actions of *assumpsit*, debt and covenant, the practice is to assess damages by the court, without a writ of inquiry, where the amount of damages is a mere matter of computation. But where the damages are for an uncertain sum, to be ascertained on the hearing of testimony, and the exercise of judgment on the effect of proof, they must, in cases not within the statute, be determined by writ of inquiry.

3. In an action on a *replevin* bond the plaintiff is entitled to recover, as damages, the value of the goods, and, as a general rule, interest thereon from the judgment of a return, together with the costs taxed in the original action. The damages in such cases cannot be assessed by the court, but must be ascertained by a writ of inquiry.

On motion to set aside rule vacating final judgment.

Argued at February Term, 1874, before Justices BEDLE, DALRIMPLE and DEPUE.

For the motion, *F. F. Westcott.*

*Contra, P. L. Voorhees.*

DEPUE, J. Interlocutory judgment by default having been taken on a bond given by a plaintiff in *replevin*, the damages were assessed by the court without awarding a writ of inquiry. The assessment is in form the same as an assessment on a common money bond, and is in the sum of $1200, being the one half of the penalty of the bond, with interest on that sum from the date of the bond. On application by the defendants in this case a rule vacating the judgment final, setting the assessment aside was granted on an *ex parte* application. Motion is now made to set aside the latter rule as irregular.

The rule setting aside the final judgment and assessment was irregular, but as the assessment on which the final judgment was entered was, by inadvertence, improperly made, it will be of no avail to the plaintiff to vacate the latter rule, and then on a new application to make the same disposition of his final judgment.

The 71st section of the practice act, which makes it the duty of the court to assess damages on interlocutory judgment by default, unless a writ of inquiry is requested, applies only to actions of *assumpsit*. *Nix. Dig.* 729. Independently of statutory provision in actions of *assumpsit*, debt and covenant, the practice of the court is to assess damages after interlocutory judgment in certain cases. Where the amount of damages is a mere matter of computation which can be as well ascertained by the court, or a master, or prothonotary, as by a jury, the assessment may be made without a writ of inquiry. But where the damages are for an uncertain sum, to be ascertained on the hearing of testimony, and the exercise of judgment upon the effect of proof, they must, in cases not within the statute, be determined by writ of inquiry. 1 *Tidd's Prac.* 569; 2 *Saund.* 107 *a, note c.* In *Denison* v. *Mair*, 14 *East.* 622, the action was on a bond to indemnify the plaintiff who had indemnified a bank for advances. In discharging a rule to show cause why the plaintiff should not be at liberty to sign final judgment, without executing a writ of inquiry of damages, Lord Ellenborough said : "The court are called to say what damages are due to these plaintiffs for the breach of the defendants covenant of indemnity ; and they have always been in the course of delegating such an inquiry to a jury, except in certain cases where, the demand being in its nature certain, it is perfectly clear to the court what the damages must be ; and in those cases they will, on the application of the plaintiff, after interlocutory judgment, delegate the function to their officer of computing principal and interest." The rule was discharged for the reason that inquiry might be made, before a jury, into collateral matters, to show how much the plaintiff was damnified, and therefore

Peacock v. Haney et al.

was not confined to a mere computation of principal and interest.

In an action on a *replevin* bond the plaintiff is entitled to recover, as damages, the value of the goods, and generally, interest thereon, from the judgment of a return. *Caldwell* v. *West & Estall*, 1 *Zab.* 411. To which must be added the costs taxed in the original action. *Nix. Dig.* 813, § 18. These sums are recoverable against the sureties to the amount of the penalty of the bond. *Branscombe* v. *Scarborough*, 6 *Q. B.* 13.

The sum for which the bond shall be taken is fixed by the sheriff on his valuation. It need not be in double the value of the goods. The statute only prescribes that he shall take sufficient security. *Nix. Dig.* 811, § 5. Neither party is bound by the valuation made by the sheriff, for the purpose of fixing the amount of the bond. *West et al.* v. *Caldwell*, 3 *Zab.* 737.

It is manifest that the court had not, and could not have the information before it to make the assessment on the basis of a mere computation of principal and interest. In the assessment it is set out as being made on the amount stated in the condition of the bond. No sum is named in the condition of the bond. Why the judgment was not for the penalty instead of one half of the penalty, is not apparent. Interest also is calculated from the date of the bond. The interest, recoverable as a part of the damages, is allowed only from the entry of the judgment of a return.

The damages were not of such a nature as that they were ascertainable by an assessment by the court. They should have been assessed on writ of inquiry.

The motion is denied.

Justices BEDLE and DALRIMPLE concurred.